IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| RACHEL ALEXIS PORTER, | * |
| | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:19-cv-00228-JJV |
| ANDREW SAUL, Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Rachel Porter, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the Court held oral argument at Plaintiff's request on April 21, 2020. So, the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff is very young. She was thirty years old at the time of the administrative hearing. (Tr. 38.) She is a college graduate and testified, "I worked through part of my master's degree." (*Id*.) She has past relevant work as a teacher. (Tr. 27.)

The Administrative Law Judge[1] (ALJ) found Ms. Porter had not engaged in substantial gainful activity during the period from her alleged onset date – September 16, 2015 – through the date last insured – December 31, 2020. (Tr. 17.) She has "severe" impairments in the form of "fibromyalgia; other disorders of [the] gastrointestinal system; diffuse diseases of connective tissue; essential hypertension; hemolytic anemia; anxiety and obsessive compulsive disorders; depressive, bipolar and related disorders; trauma and stressor related disorders; and obesity." (Tr. 18.) The ALJ further found Ms. Porter did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18-20.)

The ALJ determined Ms. Porter had the residual functional capacity to perform a reduced range of light work given her mental and physical limitations. (Tr. 20.) The ALJ determined Ms. Porter could no longer perform her past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based on

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

the testimony of the vocational expert (Tr. 47-50), the ALJ determined Ms. Porter could perform the jobs of marking clerk, office helper, table worker, and document preparer.  (Tr. 29.) Accordingly, the ALJ determined Ms. Porter was not disabled.  (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 1.)

In support of her complaint, Plaintiff argues the ALJ improperly considered her subjective allegations, especially as they relate to her fibromyalgia.  (Doc. No. 13 at 10-14.)  Plaintiff specifically argues the ALJ failed to follow SSR 12-2p.  She says, "The ALJ should have done what SSR 12-2p mandates, which is to examine the record for 'widespread pain and other symptoms associated with [fibromyalgia] which may result in exertional and nonexertional limitations.['] *See* SSR 12-2p, Section VI (E)(1-2). The ALJ's failure to do so was reversible error." (*Id.* at 12.)  Plaintiff makes a fair point.  But I find her interpretation of the regulation to be too narrow.  As the Commissioner's counsel pointed out at oral argument, SSR 12-2p still requires the ALJ to engage in the same symptom evaluation as in every case.  Once the ALJ found Ms. Porter's fibromyalgia to be a "severe" impairment, the regulation states:

> . . . we then evaluate the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work. If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, we consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms. As we explain in SSR 96-7p, we will make a finding about the credibility of the person's statements regarding the effects of his or her symptoms on functioning. We will make every reasonable effort to obtain available information that could help us assess the credibility of the person's statements.

SSR 12-2p IV(B).

Although Plaintiff surely disagrees, I find the ALJ fully complied with SSR 12-2p. There is no legal error here. The ALJ followed the appropriate regulations and provided ample support for her conclusions when considering Plaintiff's subjective allegations of pain and limitation. (Tr. 20-27.) And upon my own close review of the treatment records, I find the objective treatment notes fail to support limitation to the degree Plaintiff asserts. (Tr. 347-348, 369, 371, 404, 423, 536.)

Second guessing an ALJ's credibility assessment is an agonizing task. Plaintiff clearly suffers from limitation and has some serious health issues. Plaintiff's counsel makes compelling arguments and I am sympathetic to Ms. Porter's claims. However, the objective medical records simply fail to support Plaintiff's claim of complete disability.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with serious illnesses - including elusive fibromyalgia - the treatment records fail to show marked limitation in her ability to perform work related activities at the light or sedentary[3] exertional level.

Plaintiff also argues that the ALJ improperly rejected the opinion of her treating physician, Beata Joanna Filip-Majewski, M.D. (Doc. No. 13 at 14-18.) Dr. Majewski provided a Medical

---

[3] I agree with the Commissioner's contention at oral argument that the ALJ's identification of jobs at the sedentary level would make an incorrect "light" instead of "sedentary" residual functional capacity assessment to be harmless error.

4

Source Statement-Physical dated November 7, 2017, whereby she reports that Ms. Porter is extremely limited. (Tr. 811-812.) For example, Dr. Majewski concluded that Ms. Porter could only walk continuously for up to ten minutes. (Tr. 811.) The ALJ gave Dr. Majewski's opinions "little weight as they are not consistent with the overall evidence of record, including the claimant's treatment notes that show she acknowledged an improvement in her condition with treatment. Further, the claimant has had normal neurological findings, including normal motor strength with a normal gate and station." (Tr. 26.) The treatment notes to which the ALJ cites support her contention. (Tr. 815, 839.) And at argument, the Commissioner noted that one of these treatment records was from July 13, 2018 – well after the Medical Source Statement was completed. The treatment records from Dr. Majewski's July 2018 examination seriously calls in to question her Medial Source Statement. (Tr. 838-841.)

> The United States Court of Appeals for the Eighth Circuit has reiterated:
>
> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Majewski's conclusions. In reviewing her treatment records, I, too, fail to find support for her Medical Source Statement. Treatment records do reveal Ms. Porter indeed has had serious ongoing health issues. I also recognize Plaintiff's contention that her "symptoms can wax and wane." (Doc. No. 13 at 9.) Yet, according to the

objective medical evidence of record, they do not support limitation to the degree reported in Dr. Majewski's Medical Source Statement.

I have also considered Plaintiff's overall arguments regarding her fibromyalgia.  I take seriously her statement that fibromyalgia is a chronic condition, difficult to diagnose, and it can be disabling.  Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision on this basis.

Plaintiff has advanced other arguments which I find are without merit.  Ms. Porter's counsel has done an admirable job advocating for her.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 23rd day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE